ORDERED.

Dated: April 24, 2020

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

DAINA PAIGE GREENE,

Chapter 13
Case No.     3:18-bk-01303-JAF

Debtor.
_____/

**FINDING OF FACTS AND CONCLUSIONS OF LAW**

This case came before the Court on the Objection to Claim 11 filed by Debtor DAINA PAIGE GREENE ("Debtor"). (Doc. 35). Creditor TD BANK, N.A. ("TD Bank") filed a response in opposition (Doc. 37) as well as a supplemental response in opposition (Doc. 57). A trial was held on February 18, 2020. (Doc. 66). The parties submitted a joint stipulation of facts. (Doc. 65). The Court took the matter under advisement. Based on the argument, evidence, and stipulations of fact presented by the parties, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

On April 20, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On June 28, 2018, TD Bank filed a proof of claim ("Claim 11") in the total amount of

$130,624.95. On April 25, 2019, Debtor filed an objection to Claim 11, contending the claim should only be allowed in the amount of $94,776.71 pursuant to a state-court judgment concerning the underlying debt. (Doc. 35).

The facts relevant to this contested matter are undisputed. TD Bank's Claim 11 stems from two business loans provided to Debtor's medical practice, which is a Florida corporation ("Debtor's Corporation"). The two promissory notes were personally guaranteed by Debtor. Debtor's Corporation defaulted on the two notes and TD Bank sued both Debtor and Debtor's Corporation in state court. TD Bank ultimately obtained two judgments against Debtor's Corporation—one judgment for each note. The first judgment (the "First Judgment") was entered on April 25, 2018. (Doc. 56-1). The First Judgment reserved jurisdiction to "address the remaining counts of the Complaint." (Doc. 56-1 at 3). The second judgment (the "Second Judgment") was entered on September 5, 2019. (Doc. 56-3). Both judgments were entered in the same state-court case. Although both judgments were entered while the automatic stay was in place, Debtor was not named in either judgment. Neither Debtor nor Debtor's Corporation made an appearance or filed any papers in the state-court case. A default was entered prior to both final judgments.

In the state court, TD Bank brought Counts 1 and 3 against Debtor's Corporation for breach of each of the two respective promissory notes. Counts 2 and 4 were brought against Debtor individually as to her guaranty of each respective note. At some point, it was discovered that the promissory note underlying Count 1 was lost. As a result, after the First Judgment was entered, TD Bank amended its complaint to add Count 5, which sought to reestablish this lost note.

Ultimately, the First Judgment granted judgment against Debtor's Corporation as to Count 3. The Second Judgment granted judgment against Debtor's Corporation as to Counts 1 and 5. Put differently, TD Bank prevailed on all counts brought against Debtor's Corporation but did so

via two final judgments, each of which applied to a different loan incurred by Debtor's Corporation.  No judgment or final order was entered against Debtor individually.  The state-court case was closed on the same day the Second Judgment was entered.

At trial, Debtor contended that both promissory notes merged into the First Judgment and, therefore, the amount awarded in the Second Judgment should be disallowed.  Debtor's argument referred to the Second Judgment as an "amended" final judgment.

### CONCLUSIONS OF LAW

"Bankruptcy Rule 3001(f) provides that a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim."  In re Taylor, 363 B.R. 303, 307 (Bankr. M.D. Fla. 2007).  "In the absence of an objection by a party in interest, a proof of claim is allowed as filed pursuant to Bankruptcy Code Section 502(a), whether prima facie valid or not."  Id. at 308.  If a party objects to a claim, the objecting party carries the initial burden to produce legally sufficient evidence refuting the validity of claim.  Id.  After the objecting party meets its initial burden of production, the ultimate burden of persuasion remains with the claimant to establish the validity and amount of the claim by a preponderance of the evidence.  Id.

Further, Florida's "doctrine of merger provides that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates."  32A Fla. Jur 2d Judgments and Decrees § 97 (2020).  Put differently, "a debt reduced to final judgment merges into the final judgment and loses its prejudgment identity."  Vernon v. Serv. Trucking, Inc., 565 So. 2d 905, 907 (Fla. 5th DCA 1990).

Here, it is axiomatic that both promissory notes do not and cannot merge into the First Judgment because the First Judgment explicitly applies to only one of the notes.  At trial, Debtor

implied that the First Judgment applied to both promissory notes and contended that TD Bank never sought relief from the automatic stay to "amend" the First Judgment to supplement the total amount awarded. Debtor's counsel repeatedly referred to the Second Judgment as an "amended final judgment." Debtor misapprehends what occurred in the state court.

Debtor's misapprehension likely stems from the fact that the two independent "final" judgments were entered in the same state-court case against the same defendant. As stated above, each of the state-court judgments applies to a different loan made to Debtor's Corporation. In other words, each judgment is a "partial final" judgment under Florida law because each promissory note effectively constitutes a distinct, non-interdependent cause of action. See Fla. R. App. P. 9.110(k) ("A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims."). In Florida, a judgment may be "final" even when the judgment leaves additional claims remaining against that same defendant, so long as the remaining claims are factually independent. Hallock v. Holiday Isle Resort & Marina, Inc., 885 So. 2d 459, 461 (Fla. 3d DCA 2004) (stating that partial final judgments are "judgments which are unrelated to the remaining portions of the case.").

TD Bank could have filed two separate actions for each of the defaults on the two promissory notes but doing so likely would have been wasteful of the parties' and state court's resources. It was completely reasonable for TD Bank to raise both defaults in one state-court case. It was likewise reasonable for the state court to dispose of the two breach claims in separate "partial final" judgments.

Having said that, the Court agrees that, under Florida's doctrine of merger, each underlying debt merges with its respective final judgment. However, the underlying debt merges only with

the final judgment governing that respective debt. It would be nonsensical to hold that two independent promissory notes merge with a judgment that explicitly governs only one note. Debtor has presented no argument or evidence to the contrary. In sum, Debtor has failed to meet her initial burden of producing prima facie evidence refuting the validity of TD Bank's Claim 11. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Attorney Bryan Mickler is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.